### COMMONWEALTH *vs.* JOSEPH FOSTER BUCKLEY.

Middlesex.    November 15, 1928. — November 26, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Exceptions, Conduct of trial.

At the trial of an indictment for murder, the defendant's counsel, in cross-examination of a medical examiner, asked him to find in his report "that part that relates" to something about the heart of the deceased. The judge stated that the inquiry was immaterial. The counsel saved an exception "to the inquiry whether the report says that," but made no offer of proof. There was nothing to show that there was anything in the report to contradict the testimony of the witness, and it appeared that the report was in the possession of the defendant's counsel who could have directed attention to any statement in it that had a tendency to contradict the testimony of the witness. *Held,* that the exception must be overruled.

Where a judge at a trial remarked in the hearing of the jury, and not in his charge, respecting certain exhibits which the defendant's counsel had asked to have sealed with the clerk "until I can get my experts on them," "The date isn't of such extreme importance although it may be important," and the defendant's counsel stated, "I ask that my exception be made to the remarks of the court that they aren't important," no error is disclosed.

INDICTMENT, found and returned on December 6, 1927, charging the defendant with the murder of Grace C. Mills at Wayland on November 6, 1927.

The indictment was tried before *Dubuque,* J., on February 13–24, 1928, and the defendant was found guilty of murder in the second degree. On March 15, 1928, pursuant to § 33B, added to G. L. c. 278 by St. 1925, c. 279 and amended by St. 1926, c. 329, § 2, the defendant appealed, and, following the preparation of a transcript of the evidence and summary of the record, filed the assignment of alleged errors described in the opinion.

The case was submitted on briefs.

*G. L. Ellsworth & M. M. McChesney,* for the defendant.

*R. T. Bushnell,* District Attorney, for the Commonwealth.

CROSBY, J.   The defendant was convicted of murder, in the second degree, of Grace C. Mills. The case is before

this court on an appeal and assignment of errors under G. L. c. 278, as amended by St. 1925, c. 279, and St. 1926, c. 329. The appeal contains five assignments of errors, all of which except the third and fifth are waived by the defendant.

The third assignment of error is based on an exception to the refusal of the presiding judge to allow the defendant's counsel to interrogate the medical examiner in cross-examination concerning what his report stated about the heart of the deceased. In this connection the following appears in evidence: "Q. [by the DEFENDANT's COUNSEL.] Will you find that part that relates to that in your report? The DISTRICT ATTORNEY. Is that important, your Honor? The COURT. That is immaterial. The DEFENDANT's COUNSEL. Will you save the defendant's exception, your Honor, to the inquiry whether the report says that?" The transcript of the evidence shows that the judge did not refuse to allow the defendant's counsel to interrogate the medical examiner concerning what his report stated about the heart of the deceased. Counsel for the defendant made no offer of proof, and there was nothing to show that there was anything in the report to contradict the testimony of the witness. It appears that the report was in the possession of counsel for the defendant who could have directed attention to any statement in it that had a tendency to contradict the testimony of the witness. It is manifest that no error is shown in the action of the judge, and that the defendant was not harmed by the ruling.

The fifth assignment of error is based on an exception to the remarks of the presiding judge during the course of the trial. An examination of the transcript of the evidence shows that no exception was taken to any statement of the judge except on page 827, where it appears that counsel for the defendant stated: "I ask that both exhibits be sealed in the records of the clerk . . . until I can get my experts on them." In reply the judge said: "The date isn't of such extreme importance although it may be important. The important part of these statements are the answers of the defendant." Counsel for the defendant then stated: "I ask that my exception be made to the remarks of the court

that they aren't important." It is apparent from the transcript that the exception related to a statement which the judge did not make. In addition the judge left the whole matter to the jury. If we assume that the defendant properly saved exceptions upon which the fifth assignment of error is based it is manifest that there was no error of law.

*Judgment affirmed.*